Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000766
28-FEB-2017
08:39 AM

NO. CAAP-14-0000766

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ROBERT L. MANNING, also known as
Robert L. Manning, Sr., Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-0721)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Robert L. Manning, also known as Robert L. Manning, Sr. (Manning) appeals from the April 1, 2014 Judgment of Conviction and Sentence (Judgment) entered by the Circuit Court of the First Circuit (Circuit Court)[1], convicting Manning of the crime of Robbery in the Second Degree pursuant to Hawaii Revised Statutes (HRS) § 708-841(1)(a) (2014).[2]

Manning argues the Circuit Court (1) erred in denying his motion to dismiss a defective charge; (2) plainly erred when it failed to instruct the jury on the defense of force used in

---

[1] The Honorable Randal K.O. Lee presided.

[2]      §708-841  **Robbery in the second degree.**  (1) A person commits the offense of robbery in the second degree if, in the course of committing theft or non-consensual taking of a motor vehicle:

   (a)   The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance[.]

"In the course of committing a theft" includes "the flight after the attempt or commission."  HRS § 708-842 (2014).

self-protection; (3) plainly erred in failing to instruct the jury on the defense of mistake-of-fact; (4) erred when it failed to properly instruct the jury as to the requisite intent; and (5) erred in denying his motion for judgment of acquittal.

After a careful review of the issues raised and arguments made by the parties, the record and the applicable authority, we resolve Manning's points on appeal as follows and affirm.

1.    The Circuit Court did not err in denying Manning's motion to dismiss.    Manning argues,

> In its order denying the motion to dismiss, the circuit court held that the phrase "with intent to overcome [complaining witness' (CW)] physical resistance or power of resistance," sufficiently specified the state of mind as "intent."    However, "intent" is not one of the applicable states of mind for penal offenses set forth in HRS § 702-206 (i.e. "intentionally", "knowingly", "recklessly" or "negligently").    Since HRS § 708-841 fails to specify the applicable state of mind, the provisions of HRS § 702-204 apply and "that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly."    HRS § 708-841 (1993); Nesmith, 127 [Hawai'i] at 53, 276 P.3d at 622.    As such, the charge was required to specify that the offense was committed if Manning acted "intentionally, knowingly, or recklessly."    As the charge fails to include the requisite state of mind, the circuit court erred in denying the defense's motion to dismiss because the omission of the state of mind from the charge violated Manning's right to due process.    Armitage, 132 [Hawai'i] at 51, 319 P.3d at 1059.

We reject Manning's interpretation.    The word "intent" is the noun from which the adjective "intentionally" is derived. There is nothing in the language of the charge[3] that implies that "with intent to" has a different meaning than the word "intentionally."

2.    The Circuit Court did not plainly err in omitting a self-defense instruction.    HRS § 701-115 (2014) provides that

---

[3]    The part of the charge challenged by Manning stated,

> On or about the 15th day of February, 2013, in the City and County of Honolulu, State of Hawaii, ROBERT L. MANNING, also known as Robert L. Manning, Sr., while in the course of committing theft from Foodland Super Market, Limited, did use force against the person of [CW], a person who was present, with intent to overcome [CW's] physical resistance or physical power of resistance, thereby committing the offense of Robbery in the Second Degree, in violation of Section 708-841(1)(a) of the Hawaii Revised Statutes.

"[n]o defense may be considered by the trier of fact unless evidence of the specified fact or facts has been presented." Manning testified that he did not have any physical contact with the CW throughout the entire incident. CW testified that after Manning left the store, CW announced he was security from the store and approached Manning, who was the first to use force by pushing a shopping cart at CW, hitting the latter's leg. As there was no evidence to support Manning's defense, there was no error when an instruction on self-defense was not given.

3. Similarly, based on the evidence presented, the omission of a mistake-of-fact instruction, HRS § 702-218 (2014),[4] was not plain error. HRS § 701-115. Manning's mistake of fact would have to negative the state of mind required to commit Robbery in the Second Degree; i.e., committing theft and then intentionally using physical force to overcome the resistance or power of resistance of another protecting that property or while in flight from the commission of the theft. Manning argues that the jury could have believed he used force to resist CW's attempt to detain him because Manning was under the mistaken impression that CW was "a suspicious individual with malicious intentions" and presumably not store personnel trying to prevent the theft. However, Manning testified that he never used force against CW, making Manning's mistaken belief regarding CW's identity irrelevant.

Even if we consider the alternative scenario presented by the CW, that Manning used force against CW--pushing a shopping cart against CW to aid Manning's escape--it matters not whether Manning thought CW was a store employee. The offense of Robbery in the Second Degree is committed if force is used against "a person present" without regard to whether that person is the owner of the property or its agent if the force is used in the

_____

[4] HRS § 701-218 provides in pertinent part,

**Ignorance or mistake as a defense.** In any prosecution for an offense, it is a defense that the accused engaged in the prohibited conduct under ignorance or mistake of fact if:

(1) The ignorance or mistake negatives the state of mind required to establish an element of the offense[.]

3

course of committing a theft, which includes the flight after the commission of the theft.

Therefore, there was insufficient evidence establishing facts that would have invoked the mistake of fact instruction. State v. Taylor, 130 Hawai'i 196, 205, 307 P.3d 1142, 1151 (2013).

4.    The Circuit Court's instruction regarding the elements of the offense was not "prejudicially insufficient, erroneous, inconsistent, or misleading." State v. Aganon, 97 Hawai'i 299, 302, 36 P.3d 1269, 1272 (2001) (citation and internal quotation marks omitted). The instructions regarding the elements of Robbery in the Second Degree was as follows:

> A person commits the offense of Robbery in the Second Degree if, in the course of committing theft, he uses force against the person of anyone present, with intent to overcome the person's physical resistance or physical power of resistance.
>
> There are two material elements of the offense of Robbery in the Second Degree, each of which the prosecution must prove beyond a reasonable doubt.
>
> These two elements are:
>
> 1)    that on or about the 15th day of February, 2013, in the City and County of Honolulu, the defendant, Robert L. Manning, also known as Robert L. Manning, Sr., was in the course of committing theft; and
>
> 2)    that, while doing so, the defendant, Robert L. Manning, also known as Robert L. Manning, Sr., used force against [CW], with intent to overcome [CW's] physical resistance or physical power of resistance.
>
> A person commits theft if he intentionally obtains or exerts unauthorized control over the property of another with intent to deprive the person of the property.

In addition, the Circuit Court provided the jury with instructions on the state of mind required:

> A person acts intentionally with respect to his conduct when it is his conscious object to engage in such conduct.
>
> A person acts intentionally with respect to attendant circumstances when he is aware of the existence of such circumstances or believes or hopes that they exist.
>
> A person acts intentionally with respect to a result of his conduct when it is his conscious object to cause such a result.

Manning argues that the instruction failed to specify that Manning must have intentionally used force against CW. Manning maintains that, as a result, the jury instruction was "prejudicially erroneous and misleading and his conviction must be vacated and the case remanded for a new trial." However, the instruction plainly reads that the jury must find Manning used force against CW "with intent to overcome [CW's] physical resistance or physical power of resistance" and were told explicitly what it means to act intentionally.

5. The Circuit Court did not err in denying Manning's motion for judgment of acquittal as there was sufficient evidence to support Manning's conviction. Manning contends "the circuit court erred in denying the defense's motions for judgment of acquittal where there was no substantial evidence that Manning had committed theft or that he had used force against Paulson."

When reviewing denials of motions for judgment of acquittal we determine whether "upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, [that] the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt." State v. Foster, 128 Hawai'i 18, 25, 282 P.3d 560, 567 (2012).

CW testified that he watched Manning enter the Foodland store on the morning of February 15, 2013, witnessed Manning place ramen noodles in the waistband of his pants, and watched Manning pass cash registers and exit the store without paying for the item. CW said he approached Manning, identified himself, and showed Manning his work badge. CW testified that Manning ran from the store entrance and used a shopping cart to push CW out of the way, hitting his leg. CW also recalled Manning punched him in the chest three times while Manning was trying to enter Manning's vehicle in the parking lot. Foodland office clerk Alan Kim also testified that he witnessed CW holding on to the door of Manning's vehicle to prevent Manning from entering the vehicle. Despite any discrepancies Manning alleges, a reasonably minded juror could have found CW and Kim presented testimony sufficient to make a prima facie case against Manning. "[A]n appellate court

5

will not pass upon the jury's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the jury as the trier of fact." State v. Jhun, 83 Hawai'i 472, 483, 927 P.2d 1355, 1366 (1996).

Based on the foregoing, April 1, 2014 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 28, 2017.

On the briefs:

Jeffrey A. Hawk,
(Hawk Sing & Ignacio),
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge